## Leopold Estate

*George O. Phillips*, for executor.

*Thomas E. Eichman* and *John J. Maffei*, for claimants.

SWENEY, P. J., May 7, 1970.—Richard B. Leopold was declared an incompetent by the Orphans' Court of Philadelphia County on January 6, 1954. He died on November 4, 1968, and his account is before us for audit.

The will herein involved contains the following paragraph:

"I give, devise and bequeath to my daughter, Patricia Faith Leopold, her heirs and assigns forever, one half of all cash and one half of the proceeds of any savings or checking accounts of which I may die seised. The remaining one half I give, devise and bequeath to my sister, Grace Pusey Leopold, my brothers, Albert D. Leopold and William Tilghman Leopold, their heirs and assigns forever, in equal one third shares . . . It is my intent that the expression 'cash and the proceeds of any savings or checking

accounts' referred to herein, shall be strictly construed and shall not be applied to the proceeds of any insurance, retirement benefits or other property that may be paid or payable to my estate in cash." We are asked to interpret the meaning of this paragraph as it applies to this estate.

The real question involved is the effect that incompetency has in decreeing distribution.

The assets of the incompetent estate consisted of the following:

(1) $207.50 per month compensation payable to him by the United States Government for a service connected disability;

(2) A lot and certain house situate thereon located at 102 Greenway Avenue, Darby, Delaware County, Pa., valued at $7,000;

(3) Balance in personal funds belonging to decedent (or incompetent) in the custody of the Veterans' Administration, approximating $2,500.

If distribution is to be decreed as of the date of the finding of incompetency, the entire estate would to to decedent's daughter, Patricia Faith Leopold Park. It is the contention of Mrs. Park that such distribution should be decreed.

At the date of death, the assets in the hands of Provident National Bank, Executor, consisted of 1,987 units of the diversified trust fund operated by said bank, uninvested principal cash of $16.96 and undistributed income cash of $5,707.38. In addition, there was a petty cash fund to the credit of decedent of $143.68 at the United States Veterans' Hospital, at Lebanon, Pa.

If distribution is to be decreed upon the cash in the executor's hands at the time of death, uninvested principal cash of $16.96, undistributed income cash of $5,707.38 and petty cash of $143.68 will have to

be divided between the daughter and decedent's sister and two brothers.

Counsel for Mrs. Park contend that the entire estate should be awarded to their client, since decedent heavily favored his daughter and since distribution should be decreed upon the holding of decedent at the date of his incompetency decree. It is is contended that the gift fails due to the ademption of the gift.

In the case of incompetency, there are two schools of thought; one, that the intention was to be disregarded because we need a rule of practical and definite application in this area of difficult and imprecise investigation of intent; the other, that intent must remain paramount to prevent gross inequities or overreaching or careless actions by guardians of incompetents who are in a position by their control over the incompetent's estate to substitute their intention for his.

It is admitted that Pennsylvania follows the first school of thought. The law among the majority of States developed otherwise under heavy annotated comment. See Note, 16 Cornell L.A.Q 623 (1931); Note, 43 Harvard L. Rev. 1311 (1930); Note, 74 Harv. L. Rev. 741, 745 (1961); 54 Michigan L. Rev. 156 (1955); Recent Decisions, 79 U. of Pa. L. Rev. 990 (1931); 41 Yale L. J. 101 (1931); Fid. Rev., July 1946, June 1952, P. 3, January 1957; May 1960, pp. 3-4 annotating Irwin Estate, 23 D. & C. 2d 33, 76 Montg. 549 (1960); and September 1964, annotating Smith Estate, 415 Pa. 569 (1964).

The Wills Act of April 24, 1947, P. L. 89, was amended, effective December 22, 1965, P. L. 1194, by the addition of subsection 17 to section 14;

"(17) Ademption. A specific devise or bequest shall not be adeemed when the testator or testator's estate

receives an asset in exchange for the subject of the devise or bequest and the act which otherwise would have caused the ademption occurs while the testator is an adjudged incompetent. In such case the devise or bequest shall be deemed to apply to whatever was received in exchange."

We are in accord with Pennsylvania changing the law in a case of making the date of adjudging incompetency synonymous with "date of death" where it is evident that the guardian has used his power to offset the incompetent's intent as shown by the will. We cannot find any such situation in the case at bar; in fact, we compliment the guardian for its fine handling of the estate.

It is also argued for Mrs. Park that, if it is decided that the rule in Pennsylvania has not been changed as to ademption and if distribution must be decreed on assets in the hands of the executor at death, nevertheless, the assets are not cash as defined by the will; that uninvested principal ($16.96), income earned but not distributed ($5,707.38) and funds on deposit at the Veterans' Hospital ($143.68) are not cash but merely bookkeeping entries to the credit of the patient. With this contention, we cannot agree.

And so, we enter the following

## ORDER

And now, May 7, 1970, it is ordered and decreed that the uninvested cash of $16.96, undistributed income cash of $5,707.38 and petty cash of $143.68 is cash as contemplated by the will of Richard B. Leopold, deceased and shall be distributed one half to Patricia Faith Leopold Park and one half to Grace Pusy Leopold, Albert D. Leopold and William Tilghman Leopold in equal one-third shares.